UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTIN AGUILAR RANGEL,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | No. 1:26-cv-00084-DAD-CSK<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER IN PART<br><br>(Doc. No. 2) |

This matter is before the court on petitioner's *ex parte* application motion for temporary restraining order, which was attached to his petition for writ of habeas corpus. (Doc. Nos. 2-1, 2-2.) In that petition, petitioner cites to an order issued in *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), in which the district court certified a class of noncitizens regarding bond eligibility. (Doc. No. 2 at ¶ 12.) Accordingly, on January 6, 2026, the court directed respondents to file a written opposition by no later than 5:00 p.m. on January 8, 2026 substantively addressing the impact of the court's amended order in *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, — F. Supp. 3d —, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), on this action. (Doc. No. 4.) On January 8, 2026, respondents filed their opposition in which they concede that "[p]etitioner appears to be a bond eligible class member as certified in *Maldonado Bautista v. Noem*[.]" (Doc. No. 7 at 2.)

/////

1

1    The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

/////

/////

1     In *Bautista*, the district court certified the following class:

**Bond Eligible Class:** All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Bautista*, 2025 WL 3713987, at *32. Subsequently, the court entered final judgment against the respondents and declared that all Bond Eligible Class members "are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and accordingly "are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). Here, petitioner alleges that he has resided in the United States since 2006, was arrested by immigration authorities in October of 2025, and has now been placed into removal proceedings and charged with "having entered the United States without inspection[.]" (Doc. No. 2 at ¶¶ 41–43.) In light of respondents' concession that petitioner appears to be a member of the class certified by the Central District of California, the court finds at this preliminary stage that petitioner is likely to succeed on his argument that he is a member of that class. Accordingly, in light of the final judgment entered in *Bautista*, the court concludes that petitioner is likely to succeed on the merits of his due process claim that he is entitled to a bond hearing.

As to the remaining *Winter* factors, the court finds its prior analysis set forth in *N.D.N. v. Bondi*, No. 1:25-cv-01587-DAD-CKD, 2025 WL 3251102, at *7 (E.D. Cal. Nov. 21, 2025) is also applicable to this action and accordingly incorporates that analysis herein. Accordingly, the court concludes that consideration of all the *Winter* factors weigh in favor of granting petitioner's motion for temporary restraining order.

For the reasons set forth above,

1. Petitioner's motion for a temporary restraining order (Doc. No. 2) is GRANTED in part as follows:

/////

3

1        a.     Respondents are ORDERED to provide petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of entry of this order;

       b.     Petitioner's request for a temporary restraining order requiring respondents to immediately release him from confinement is DENIED without prejudice;

2. Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and

3. The parties are directed to meet and confer and, if possible, submit a joint proposed briefing schedule and hearing date with respect to any motion for a preliminary injunction no later than fourteen (14) days after the date of entry of this order.

IT IS SO ORDERED.

Dated:    **January 9, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4