UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTIN AGUILAR RANGEL (A-246-058-797),<br>Petitioner,<br>v.<br>KRISTI NOEM, et al.,<br>Respondents. | No. 1:26-cv-0084 DAD CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Valentin Aguilar Rangel, a native and citizen of Mexico, proceeds through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States in or around 2006 without inspection. On October 18, 2025, petitioner was arrested and detained and has been in continuous detention since this date. Since the filing of this action, petitioner has been provided two custody redetermination hearings, and this habeas action concerns petitioner's detention and prolonged detention. For the reasons that follow, the Court recommends denying respondents' motion to dismiss, and granting the habeas petition in part and denying the habeas petition in part.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND[2]

Petitioner is a citizen and native of Mexico. (ECF No. 7 at 2.)[3] Some time in 2006, petitioner entered the United States without inspection and lived in Perris, California. (ECF No. 1 at 11.) On October 18, 2025, petitioner was detained by immigration authorities in Southern California. No. 1:26-cv-3821 DAD CSK (ECF No. 1 at 2; 6-1 at 3 (Form I-213)). Petitioner was placed in removal proceedings and charged as removable as present without admission or parole under 8 U.S.C. § 1226(a)(6)(A)(i). No. 1:26-cv-3821 DAD CSK (ECF No. 6 at 2).

ICE denied petitioner's request for release, and on November 13, 2025, an immigration judge denied petitioner's release on bond because "no jurisdiction, 235(b)," because DHS considers petitioner to be an "applicant for admission" under 8 U.S.C. § 1225(b)(2). (ECF No. 2 at 12, 2-3 (IJ Order).)

On January 14, 2026, pursuant to the district court's order (ECF No. 8), petitioner received a custody redetermination hearing before an immigration judge, who found petitioner to be both a flight risk and a danger to the community and denied his request for release. (ECF No. 9 (Joint Status Report).) On May 7, 2026, an immigration judge found petitioner was inadmissible under Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), denied all of petitioner's applications for relief, and ordered petitioner removed to Mexico. No. 1:26-cv-3821 DAD CSK (ECF No. 6-3). On May 18, 2026, petitioner filed an appeal of the removal order with the Board of Immigration Appeals. (ECF Nos. 14, 16 (Joint Status Reports).) The appeal was still pending as of July 1, 2026. (ECF No. 19 at 3.)

Petitioner has been steadily employed while living in the United States. (ECF No. 2 at 11.) Neither party claims petitioner has a criminal history. (See ECF Nos. 2, 2-2, 7; No. 1:26-cv-3821 DAD CSK (ECF No. 6).) Petitioner has been in continuous detention since October 18,

---

[2] Petitioner's subsequent pro se habeas petition, consolidated herein, is verified. Rangel v. U.S. General Attorney, No. 1:26-cv-3821 DAD CSK (ECF No. 1 at 8.) (hereafter "No. 1:26-cv-3821 DAD CSK."). A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

[3] Unless the citation expressly references petitioner's prior case, No. 1:26-cv-3821 DAD CSK, all references to ECF numbers are to filings in the instant action, No. 1:26-cv-0084 DAD CSK.

2025. No. 1:26-cv-3821 DAD CSK (ECF No. 1 at 2.) Respondents do not contest petitioner's factual allegations. (See ECF No. 7.) In addition, respondents do not contest the authenticity of the documents appended to the petition, but note that petitioner did not appeal the immigration judge's denial of bond. (Id. at 2.)

## II. PROCEDURAL BACKGROUND

### A. No. 1:26-cv-0084 DAD CSK

Petitioner, through counsel, filed the instant petition for writ of habeas corpus, and a motion for temporary restraining order on January 6, 2026. (ECF No. 2, 2-1.) On January 8, 2026, respondents timely filed a motion to dismiss the petition. (ECF No. 7.) On January 9, 2026, the district court granted petitioner's motion for temporary restraining order, and ordered respondents to provide petitioner with a bond hearing. (ECF No. 8.) Later that day, the district court consolidated the instant action with petitioner's subsequent pro se action, No. 1:26-cv-3821 DAD CSK (ECF No. 7), and ordered all future filings to be filed only in the first filed action, No. 1:26-cv-0084 DAD CSK. (ECF No. 10.) On July 1, 2026, petitioner's counsel timely filed an opposition to the motion to dismiss. (ECF No. 19.) Respondents did not file a reply. Briefing is now complete.

On July 14, 2026, despite having counsel, petitioner filed a pro se first amended petition. (ECF No. 20.) On July 16, 2026, this Court granted petitioner's counsel 14 days to file a counseled first amended petition, and advised the parties that the Court will not consider petitioner's pro se first amended petition filed in his counseled action. (ECF No. 21.) Petitioner's counsel did not file a counseled first amended petition. Therefore, this action proceeds on the original petition filed by counsel. (See ECF No. 1.)

### B. No. 1:26-cv-3821 DAD CSK

On May 18, 2026, petitioner filed a pro se habeas petition that was opened as a new action. Rangel v. U.S. General Attorney, No. 1:26-cv-3821 DAD CSK (E.D. Cal.). On the morning of May 22, 2026, respondents filed an answer to the pro se petition for writ of habeas corpus. Id. (ECF No. 6.) Later that day, the district court consolidated the two actions as described above. Id. (ECF No. 7.)

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his continued detention based on the violation of the following: (1) the Immigration and Nationality Act ("INA"); and (2) the Administrative Procedure Act ("APA"); and (3) the Fifth Amendment substantive due process clause. (ECF No. 2 at 12-14.) In his pro se petition consolidated herein, petitioner challenges his detention as a violation of the INA (claim one), which is duplicative of

the claim in the counseled petition and will not be separately addressed, his prolonged detention is a violation of the Fifth Amendment due process clause (claim two), and raises a medical claim (claim three). No. 1:26-cv-3821 DAD CSK (ECF No. 1.) Petitioner also contends he is a bond eligible class member as certified in Maldonado Bautista v. Noem, No. 5:25-cv-1873, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). (ECF No. 2 at 4-5.)

In their motion to dismiss, respondents do not argue that petitioner is a flight risk or a danger to the community and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) and he is ineligible for a bond hearing. (ECF No. 7 at 2.) Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. (Id.) Respondents do not contest that petitioner is a member of the bond eligible class certified in Maldonado Bautista, but note the government has appealed the Maldonado Bautista judgment to the Ninth Circuit, Maldonado Bautista v. DHS, No. 25-7958 (9th Cir.), which remains pending, and neither the district court nor the Ninth Circuit have issued a stay of the district court's order. (ECF No. 7 at 2.) Further, respondents acknowledge the pending appeal in Rodriguez v. Bostock, No. 25-6842 (9th Cir.), and note that a decision in that case "is likely to be dispositive as to petitioner's case." (Id.)

**A. Statutory Claim (Claim One) (No. 1:26-cv-0084 DAD CSK)**

Since respondents' motion to dismiss was briefed, the Ninth Circuit issued a decision in Rodriguez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). As respondents noted in their motion, the pending appeal in Rodriguez v. Bostock was "likely to be dispositive as to petitioner's case" (ECF No. 7 at 3), and this Court agrees.

In Rodriguez Vazquez, the Ninth Circuit rejected Respondent's argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at *3. The majority of courts nationwide agree, rejecting respondent's new interpretation[4] of Sections 1225 and 1226.

[4] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained

See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, respondent's argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails. This Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations and recommends granting petitioner's statutory claim (claim one), and denying respondents' motion to dismiss.

**B. Petitioner's Remaining Claims - Counseled Petition (1:26-cv-0084 DAD CSK)**

Because the Court recommends granting the petition on the statutory claim (claim one), the Court need not address any additional claims (claims two and three) raised in the counseled petition. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan.

---

by immigration authorities and subject to removal. See Rodriguez Diaz, 53 F.4th at 1196.

16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). In addition, the Court need not address petitioner's claim based on Maldonado Bautista (claim one). See Herredia Gurrola v. Cruz, 2026 WL 494478, at *6 (E.D. Cal. Feb. 23, 2026) (declining to decide Maldonado Bautista claim and addressing statutory claim); see also De La Paz Salazar v. Noem, 2026 WL 496956, at *5 (E.D. Cal. Feb. 23, 2026) (noting that "the court in Maldonado Bautista explicitly clarified that it could not issue injunctive relief to class members ordering their immediate release or entitlement to a bond hearing"). Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to claim one.

**C. Exhaustion**

In their answer to petitioner's pro se petition, respondents argue that the petition should be dismissed because petitioner has not exhausted his administrative remedies. No. 1:26-cv-3821 DAD (ECF No. 6 at 3-4). Petitioner did not address the issue of exhaustion. (ECF No. 19.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of

the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

The Court concludes that the prudential exhaustion requirement should be waived. The Court joins the multitude of district courts to consider this issue recently in the context of habeas petitions filed by immigrant detainees and finds "pursuit of administrative remedies would almost certainly be futile given the BIA's recent holding that all noncitizens detained in the United States without admission are 'seeking admission' for purposes of 8 U.S.C. § 1225(b)(2)(A) and must be detained." Singh v. Andrews, 2025 WL 3523057, at *2 (E.D. Cal. Dec. 9, 2025) (citing Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025)); see also J.A.C.P. v. Wofford, 2025 WL 3013328, at *7 n.9 (E.D. Cal. Oct. 27, 2025) ("In addition, pursuit of administrative remedies would almost certainly be futile given the BIA's recent holding that all noncitizens present in the United States without admission are 'seeking admission' for purposes of 8 U.S.C. § 1225(b)(2)(A) and must be detained.") (citing Matter of Yajure Hurtado, 29 I&N Dec. 216); Chavez v. Noem, 2025 WL 2730228, at *3-4 (S.D. Cal. Sept. 24, 2025) (waiving exhaustion as futile because "the BIA has already applied its expertise in deciding and designating Matter of Yajure Hurtado as precedential. It therefore seems clear that anyone deemed inadmissible under § 1182(a)(6)(A)(i) (that is, '[a]n alien present in the United States without being admitted or paroled') will be subjected to mandatory detention without bond under § 1225(b)(2) upon BIA review."); Barco Mercado v. Francis, 2025 WL 3295903, at *12 (S.D.N.Y. Nov. 26, 2025). Here, because respondents argue petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), petitioner would accordingly have no statutory right to a bond hearing during his detention and therefore would lack the recourse through statutory or

administrative means. (See ECF No. 7 at 2; No. 1:26-cv-3821 DAD CSK (ECF No. 6 at 1. n.1).) Accordingly, the Court finds the prudential exhaustion requirement should be waived.

**D. Petitioner's Pro Se Petition (No. 1:26-cv-3821 DAD CSK)**

1. Prolonged Detention (Claim Two)

In his pro se petition, petitioner contends he has been subject to indefinite and prolonged detention since October 18, 2025, in violation of his due process rights. No. 1:26-cv-3821 DAD CSK (ECF No. 1 at 6.) In their answer to the pro se petition, respondents argue that petitioner's detention has not become unconstitutionally prolonged, and that petitioner did not exhaust the administrative remedies available to him because he failed to appeal the immigration judge's denial of bond based on the finding that plaintiff was a flight risk and a danger to the community. Id. (ECF No. 6 at 2-4.) In the opposition to the motion to dismiss, petitioner's counsel argues that petitioner has now been detained over eight months, meaning petitioner was due a bond redetermination hearing around April 2026, or should receive one immediately. (ECF No. 19 at 2.) Counsel contends that there are a number of alternatives to detention would satisfy the government's need to ensure he would not abscond, such as putting petitioner on an order of supervision ("OSUP") or in the intensive supervision appearance program ("ISAP"). (Id.)

Petitioner has now been in detention over 9.5 months. However, the Court finds petitioner's due process claim based on prolonged detention unavailing because petitioner received a second custody redetermination hearing before an immigration judge on January 14, 2026 pursuant to the district court's order. (See ECF Nos. 8, 9.) The immigration judge found petitioner to be both a flight risk and a danger to the community, and denied his request for release. (ECF No. 9 (Joint Status Report).) The Ninth Circuit has held that procedural due process does not require, in all cases in which a noncitizen is under prolonged statutory nonmandatory detention pending completion of removal proceedings, a second bond hearing at which government would bear burden of proof by clear and convincing evidence, and detainee was not entitled to second bond hearing under Mathews v. Eldridge test for procedural due process rights. See Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022). Likewise, petitioner is not entitled to another bond hearing where he already received one pursuant to the

district court's order. Accordingly, petitioner's prolonged detention claim (second claim) in his pro se petition should be denied.

2. Medical Claim (Claim Three)

In his third pro se claim, plaintiff alleges that he is not receiving appropriate medical treatment while in detention. No. 1:26-cv-3821 DAD CSK (ECF No. 1 at 6). Respondents counter that medical care and other conditions of confinement claims are not properly brought in habeas corpus proceedings. Id. (ECF No. 6 at 3.) This Court agrees. See Chavez v. Becerra, No. 1:25-CV-02058-KES-SAB-HC, 2026 WL 603742, at *2 (E.D. Cal. Mar. 4, 2026), report and recommendation adopted, No. 1:25-CV-02058-KES-SAB (HC), 2026 WL 2079218 (E.D. Cal. July 17, 2026) (concluding that habeas relief is generally not available based upon a challenge to conditions of confinement). "[A] habeas claim is one challenging the fact of confinement, rather than the conditions of confinement." Doe v. Garland, 109 F.4th 1188, 1194 (9th Cir. 2024). Therefore, petitioner's pro se habeas claim premised on the conditions of his confinement (claim three) should be denied.

## V. RESPONDENTS' MOTION TO STRIKE AND DISMISS

In his pro se petition, petitioner named as respondents the U.S. General Attorney/ICE. No. 1:26-cv-3821 DAD CSK (ECF No. 1 at 1). In the counseled petition, petitioner named Kristi Noem, Secretary, Department of Homeland Security; Pam Bondi, Attorney General; Executive Office for Immigration Review; Todd Lyons, Executive Associate Director of ICE Enforcement and removal Operations (ERO), and Christopher Chestnut, Warden of the California City Detention Center. (ECF No. 1 at 1.) In the response to petitioner's pro se habeas petition, respondents moved to strike and dismiss all respondents but for petitioner's immediate custodian, Warden of the California City Detention Center. No. 1:26-cv-3821 DAD CSK (ECF No. 6 at 1 n.1.) Respondents argue that a petitioner seeking habeas corpus relief is limited to name only the officer having custody of him as the respondent to the petition. (Id.) Respondents' argument that this court should not order non-core habeas relief because the immediate custodian could not provide such relief is in tension with their motion to dismiss respondents who are not the immediate custodian. In these circumstances, dismissal of non-custodians is inappropriate. See

Osoria v Warden of the Cal. City Det. Ctr., No. 1:26-cv-01528 KES EPG (HC), 2026 WL 747297, at *1-2 (E.D. Cal. Mar. 17, 2026), findings and recommendations adopted, 2026 WL 947105 (E.D. Cal. Apr. 8, 2026) (finding that non-custodian respondents were properly joined in a habeas petition to permit enjoining future re-detention). Accordingly, respondents' motion to strike and dismiss should be denied.

## VI. CONCLUSION

In summary, the Court recommends that respondents' motion to dismiss be denied; the petition for writ of habeas corpus be granted on petitioner's statutory claim, and denied on all remaining claims. Because petitioner already received a bond hearing pursuant to the district court's order, the Court does not recommend additional relief.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 2) be GRANTED in part and DENIED in part.
2. Respondents' motion to dismiss (ECF No. 7) be DENIED.
3. Respondents' motion to strike and dismiss be DENIED.
4. The Clerk of the Court be directed to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 12, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/rang0084.157.2241.imm