UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTIN AGUILAR RANGEL,<br>Petitioner,<br>v.<br>KRISTI NOEM, et al.,<br>Respondents. | No. 1:26-cv-00084-DAD-CSK<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION TO DISMISS, AND DENYING MOTION TO WITHDRAW AS COUNSEL</u><br><br>(Doc. Nos. 1, 7, 22, 26) |

Petitioner is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 12, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted in part and denied in part. (Doc. No. 22.) Specifically, the magistrate judge found that petitioner was entitled to the bond hearing previously ordered by the court (Doc. No. 8) in ruling on petitioner's motion for a temporary restraining order. (Doc. No. 22 at 11.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) On August 18, 2026, respondents

filed a notice of non-opposition to the findings and recommendations. (Doc. No. 24.) On September 15, 2026, petitioner filed a notice of non-compliance, which the court construes as objections to the magistrate judge's findings and recommendations. (Doc. No. 25.) Therein, petitioner argues that the bond hearing provided to him pursuant to the court's prior order was deficient because although petitioner was accused of driving under the influence of alcohol, respondents confirmed that this was a case of mistaken identity. (*Id.* at 1.) The court finds that it is not within the court's purview to second-guess the immigration judge's findings in this regard. *Miranda v. Hernandez*, No. 2:26-cv-00906-JNW, 2026 WL 1328227, at *3 (W.D. Wash. May 13, 2026) ("The Court may determine whether the IJ applied the correct legal standard; it may not reweigh the evidence.") (citation omitted). These objections do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on August 12, 2026 (Doc. No. 22) are ADOPTED IN FULL;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED IN PART AND DENIED IN PART, and no further relief beyond the relief previously granted by the court (Doc. No. 8) is ordered;
3. Respondents' opposition (Doc. No. 7), docketed as a motion, is DENIED;
4. Petitioner counsel's motion to withdraw as attorney (Doc. No. 26) is DENIED without prejudice to its renewal;[1] and

---

[1] Petitioner's counsel argues that petitioner's repeated *pro se* filings evince a desire to proceed *pro se* or to retain other counsel. (Doc. No. 26 at 3.) Counsel does not detail any efforts to provide notice to petitioner of counsel's motion, nor does counsel explain how these circumstances constitute an exception to the notice requirement of Local Rule 182(d). Local Rule 182(d) further requires that counsel provide petitioner's "current or last known address or addresses" which counsel has not yet provided to the court.

5. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and CLOSE this case.

IT IS SO ORDERED.

Dated: **September 28, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE